CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 03 2020

JULIA C. DUDLEY, CLERK
BY: A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Civil Action No. 7:14-cr-20 |
| v. ) | |
| ) | |
| TRIVIA MARTIN ) | By: Michael F. Urbanski |
| ) | Chief United States District Judge |
| ) | |

ORDER

On March 10, 2015, following a guilty plea, Trivia Martin was convicted of one count of conspiracy to possess with intent to distribute heroin, cocaine, and cocaine base and sentenced to a term of 18 months imprisonment, to be followed by a 3-year term of supervised release. ECF No. 212. After Martin was convicted, it came to light that a federal task force officer, Craig Frye, who was involved in Martin's case, had failed to disclose Giglio[1] materials in other cases. ECF No. 301. The United States moved to disclose to Martin and other defendants in whose cases Frye was involved grand jury materials and any other materials relevant to their cases. Id.

The court entered an order appointing the public defender to represent the defendants in whose cases Frye was involved and also entered an order allowing the United States to disclose the materials related to their cases. ECF Nos. 303, 318. The materials were to be reviewed by the United States and defense counsel to evaluate whether the defendants should seek collateral review of their convictions. ECF No. 318. In Martin's case, the federal public

---

[1] Giglio v. United States, 405 U.S. 150 (1972).

defender withdrew from representing Martin because of a potential conflict of interest and attorney Paul Scott De Bruin was appointed to represent her. ECF Nos. 340, 342.

On April 28, 2020, De Bruin moved to withdraw from the case, asserting that he had reviewed the actions of officer Frye and determined that the failure of the United States to turn over the material prior to Martin's guilty plea would not have affected the decisions made in her case and would not have affected the outcome. De Bruin pointed out that in Martin's case, the United States had requested a Giglio questionnaire from Frye, which included questions about prior convictions, disciplinary actions and information regarding his credibility with other law enforcement agencies. Frye completed the questionnaire and provided untrue answers in response to several questions. ECF No. 350 at 3-4. Nevertheless, De Bruin did not believe that any of the evidence would have been admissible under the Federal Rules of Evidence. Id. at 4.

De Bruin next considered the extent to which Frye was involved in Martin's case. He noted that Frye did not interrogate Martin, and the other actions he took, such as evidence collection and surveillance, were corroborated by other officers whose credibility was not questioned. In addition, it was not clear that Frye's testimony would have been needed if Martin had gone to trial rather than pleaded guilty, because the case against Martin was based on the results of a search warrant, surveillance, and her confession. Id. at 4-5. De Bruin concluded that Martin would not have been entitled to post-conviction relief based on the misleading answers Frye gave on the Giglio questionnaire. Id. at 5. On June 1, 2020, De Bruin filed a motion to amend or correct the motion to withdraw for the purpose of noting that he

2

sent a copy of the motion to Martin at the address of 813 Dale Avenue, SE, Roanoke, VA 24013. ECF NO. 353.

No response was filed to De Bruin's motion to withdraw and the court finds that De Bruin fulfilled his obligation of assessing whether Martin should seek collateral review of her conviction. Accordingly, the court finds that the motions to withdraw, ECF Nos. 350 and 353, are **GRANTED** and De Bruin is terminated as counsel in this case.

It is so **ORDERED**.

Entered: 09-03-2020

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge